IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARKUS CLEVELAND,<br><br>    Plaintiff,<br><br>vs.<br><br>SARPY COUNTY POLICE, and OFFICER WALKEWIZC, Police Officer;<br><br>    Defendants. | 8:23CV164<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Markus Cleveland filed a Complaint on April 27, 2023, while he was incarcerated. Filing No. 1. Plaintiff was subsequently released and given leave to proceed in forma pauperis as a non-prisoner on July 6, 2023. Filing No. 16. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.  SUMMARY OF COMPLAINT**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against the Sarpy County Police and one of its officers, Officer Walkewizc ("Walkewizc" or "Defendant"), for damages stemming from events that occurred on April 29, 2021. On that date, Plaintiff alleges six officers ambushed him in front of his home during an incident between Plaintiff and his spouse "before event getting the issue under control." Filing No. 1 at 4–5. Walkewizc was one of the six officers involved, and he "punched [Plaintiff] in [his] ribcage and continued doing so yanking on [Plaintiff's] clothes and punching [him simultaneously [in the] left and right ribs" while Plaintiff was "on [his] stomach in a plank position," all of which was recorded on body cam and witnessed by Plaintiff's neighbor. *Id*. at 5. Plaintiff

suffered cracked ribs as a result, though he did not realize the extent of his injuries until months later while working construction. Id.

Plaintiff further alleges that on or about June 22, 2022, Walkewizc with other officers pulled Plaintiff's car over in Bellevue, Nebraska, for "no plate on front of car." Id. Walkewizc searched Plaintiff's car and harassed Plaintiff about whether he had contacted his "baby mama" and if Plaintiff was subject to a protection order, though no protection order was in place. Id. at 4–5. Plaintiff recorded the incident and was arrested for doing so, and it appears Walkewizc and the officers took Plaintiff's phone and deleted the recording.[1] Id.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also

---

[1] Plaintiff's allegations regarding this incident are difficult to decipher as Plaintiff's writing near the edge of the Complaint appears to have been cut off. See Filing No. 1 at 5.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. ANALYSIS OF COMPLAINT

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). For the reasons that follow, the Sarpy County Police must be dismissed as a defendant, Plaintiff has alleged sufficient facts to proceed on one of his claims against Walkewizc, and the Court will give him leave to amend his remaining claims before this matter proceeds further.

**A. Sarpy County Police Not a Proper Defendant**

As an initial matter, Plaintiff's § 1983 claims may not be asserted against the Sarpy County Police because "it is well settled that municipal police departments, sheriff's offices, and jails are not generally considered persons within the meaning of 42 U.S.C. § 1983 and thus not amenable to suit." *Ferrell v. Williams Cty. Sheriffs Office*, No. 4:14-CV-131, 2014 WL 6453601, at *2 (D.N.D. Nov. 4, 2014); *see also Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department not suable juridical entity because it is department or subdivision of city government); *Fehderau v. Omaha Police Dep't*, No. 8:18CV592, 2019 WL 4858303, at *2 (D. Neb. Oct. 2, 2019) ("Plaintiff cannot maintain a § 1983 action against the Omaha Police Department because it is not a distinct legal entity amenable to suit under § 1983."); *Meyer v. Lincoln Police Dep't*, 347 F. Supp. 2d 706, 706 (D. Neb. 2004) (city police department not subject to suit because it is agency of the city, which is a political subdivision, and has no separate legal status under Nebraska law). Accordingly, the Court will dismiss Sarpy County Police as a defendant in this matter.

**B. Official Capacity Claims**

Plaintiff sues Walkewizc in both his individual and official capacity. Filing No. 1 at 2. A claim against an individual in his official capacity is, in reality, a claim against the entity that employs the official—in this case, Sarpy County. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity." (internal citations omitted)). Sarpy County may only be liable under section 1983 if its "policy" or "custom" caused a violation

of Plaintiff's constitutional rights.  See *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy.  *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).  To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Plaintiff does not present any allegations of an official policy or custom in his Complaint.  Therefore, he has not alleged sufficient facts to "nudge" his claim against Sarpy County across the line from conceivable to plausible under the *Jane Doe* standard.  The Court, therefore, will dismiss Plaintiff's official capacity claims against Walkewizc.

**C. Excessive Force**

Turning to Plaintiff's individual capacity claims against Walkewizc, he first alleges, liberally construed, that Walkewizc subjected him to excessive force while Walkewizc and other officers responded to a domestic incident between Plaintiff and his wife.  "An

5

excessive force claim 'is governed by the Fourth Amendment's prohibition against unreasonable seizures,'" *Thompson v. Dill*, 930 F.3d 1008, 1013 (8th Cir. 2019) (quoting *Loch v. City of Litchfield*, 689 F.3d 961, 965 (8th Cir. 2012)), and "is evaluated under the reasonableness standard of the Fourth Amendment." *Coker v. Arkansas State Police*, 734 F.3d 838, 842 (8th Cir. 2013) (internal quotation and citation omitted). To show a Fourth Amendment violation by the use of force, a plaintiff must establish (1) that he was "seized"[2] within the meaning of the Fourth Amendment and (2) that an officer's use of force was objectively unreasonable given the facts and circumstances of the incident as "judged from the perspective of a reasonable officer on the scene." *Bishop v. Glazier*, 723 F.3d 957, 961 (8th Cir. 2013) (internal quotation and citation omitted); *see also Atkinson v. City of Mountain View*, 709 F.3d 1201, 1209 (8th Cir. 2013).

"Objective unreasonableness is 'judged from the perspective of a reasonable officer on the scene,' in light of 'the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Wilson v. Lamp*, 901 F.3d 981, 989 (8th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The Court may also consider the result of the force. *Smith v. Kansas City, Missouri Police Dep't*, 586 F.3d 576, 581 (8th Cir. 2009). "Force may be objectively unreasonable when a plaintiff does not resist, lacks

---

[2] To constitute a "seizure" under the Fourth Amendment, there must be a willful or intentional application of physical force, as determined by the "officer's objective behavior," or the plaintiff's submission to the police officer's show of authority. *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1208 (8th Cir. 2013). A seizure must "restrain[ ] . . . freedom of movement," but the "restraint need not actually succeed in stopping or holding [the person] even for an instant." *Id.* (internal quotations, alterations, and citations omitted) (police officer's "bull rush" at plaintiff was "more than enough physical force to effect a seizure under the Fourth Amendment" (citing cases)).

6

an opportunity to comply with requests before force is exercised, or does not pose an immediate safety threat." *Wilson*, 901 F.3d at 989 (citing *Smith*, 586 F.3d at 581).

Here, nothing in the Complaint suggests Plaintiff presented an immediate threat to the safety of Walkewizc or others nor is there any indication Plaintiff failed to comply with any of Walkewizc's requests before he exercised force. Rather, Plaintiff alleges he was "ambushed" before the officers attempted "getting the issue under control" and Walkewizc repeatedly punched Plaintiff in the ribs while he laid on his stomach, resulting in cracked ribs. Filing No. 1 at 4–5. Liberally construing Plaintiff's allegations, the Court concludes Plaintiff has stated a Fourth Amendment excessive force claim against Walkewizc in his individual capacity.

**D.  Automobile Stop, Search, and Arrest**

Liberally construed, Plaintiff alleges Fourth Amendment violations arising out of the traffic stop, search, and seizure by Walkewizc on June 22, 2022. The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "A traffic stop is constitutionally reasonable where the police have probable cause to believe that a traffic violation has occurred." *Garcia v. City of New Hope*, 984 F.3d 655, 663 (8th Cir. 2021), *abrogation on other grounds recognized by Laney v. City of St. Louis, Mo.*, 56 F.4th 1153 (8th Cir. 2023) (quoting *De La Rosa v. White*, 852 F.3d 740, 743 (8th Cir. 2017). Explained another way, "any traffic violation, even a minor one, gives an officer probable cause to stop the violator," and therefore, "any ulterior motivation on the officer's part is irrelevant." *Id.* at 664 (quoting *Johnson v. Crooks*, 326 F.3d 995, 998 (8th Cir. 2003)). "Whether probable cause exists depends upon the reasonable conclusion to be drawn

7

from the facts known to the officer at the time." *Id.* (quoting *United States v. Demilia*, 771 F.3d 1051, 1054 (8th Cir. 2014)).

After stopping a vehicle, an officer has the authority to ask the driver what his or her destination and purpose is, check the driver's license and registration, or request that the driver step out of the vehicle. *United States v. Payne*, 534 F.3d 948, 951 (8th Cir. 2008). An officer may also request identification from passengers and question them to verify information given by the driver, *United States v. Gaxiola*, 149 F. App'x 560, 562 (8th Cir. 2005), and may order passengers to get out of the car pending completion of the stop, *Maryland v. Wilson*, 519 U.S. 408, 415 (1997). A traffic stop can last as long as reasonably necessary to conduct this routine investigation, conduct a criminal history search, and issue a citation. *Payne*, 534 F.3d at 951. If this routine investigation raises the officer's suspicions and the officer has reasonable, articulable suspicion, the officer may expand the scope of the investigation. *Id*. This may include asking about weapons and requesting consent to search the vehicle. *See United States v. Cox*, 992 F.3d 706, 710–11 (8th Cir. 2021).

The Fourth Amendment permits a law enforcement officer to make a warrantless arrest if he has probable cause to believe the arrestee has committed an offense—even a minor offense. *Lawyer v. City of Council Bluffs*, 361 F.3d 1099, 1105–06 (8th Cir. 2004). One of the exceptions to the warrant requirement is a search incident to a lawful arrest. *See Arizona v. Gant*, 556 U.S. 332, 338 (2009). "The exception derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations." *Id*. This exception justifies a warrantless search of the arrestee's person and the area within his or her immediate control, i.e., the area from within which he or she might gain

possession of a weapon or destructible evidence.  See *Chimel v. California*, 395 U.S. 752, 763 (1969).

Here, Plaintiff alleges Walkewizc pulled him over for "no plate on front of car." Filing No. 1 at 5.  Though a minor traffic offense, Plaintiff's allegations fail to suggest that Walkewizc lacked probable cause to stop his car and arrest him.  As a result, the facts alleged also fail to show that the search Walkewizc conducted was unreasonable within the meaning of the Fourth Amendment.  On the Court's own motion, Plaintiff will be given leave to amend his Fourth Amendment claims against Walkewizc related to the June 22, 2022, traffic stop.

**E.  First Amendment Retaliation**

Liberally construing the Complaint's allegations, Plaintiff may be attempting to assert a First Amendment retaliation claim based on Walkewizc's arrest of Plaintiff for his recording of the June 22, 2022, police encounter.  "The First Amendment prohibits officials from retaliating against a citizen for exercising his right to freedom of speech." *Smith v. Rozeboom*, 108 F.4th 1064, 1071 (8th Cir. 2024) (citing *Hartman v. Moore*, 547 U.S. 250, 256 (2006)).  To state such a claim, Plaintiff must allege facts showing that (1) he engaged in a constitutionally protected activity; (2) Walkewizc took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and (3) the adverse action was motivated in part by Plaintiff's exercise of his constitutional rights. *Scott v. Tempelmeyer*, 867 F.3d 1067, 1070 (8th Cir. 2017).

While the Eighth Circuit has recognized a "clearly established right to watch police-citizen interactions at a distance and without interfering," *Chestnut v. Wallace*, 947 F.3d 1085, 1090 (8th Cir. 2020), the Court concludes that the scant, vague factual allegations

surrounding Plaintiff's recording of the police during the officers' stop of Plaintiff's car for a traffic violation are insufficient to show that Walkewizc's arrest of Plaintiff was motivated by Plaintiff's exercise of his First Amendment rights. The Court will give Plaintiff leave to amend his Complaint to allege additional factual allegations to state a plausible First Amendment retaliation claim.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a § 1983 claim against the Sarpy County Police and Walkewizc in his official capacity, and those claims will be dismissed without prejudice. For purposes of initial review, Plaintiff has alleged sufficient facts to state a Fourth Amendment excessive force claim against Walkewizc in his individual capacity, and that claim may proceed to service of process. However, the Court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto. Moreover, this matter will not proceed to service of process until Plaintiff has an opportunity to amend his Fourth Amendment and First Amendment retaliation claims related to the June 22, 2022, traffic stop as set forth below.

If Plaintiff chooses not to file an amended complaint in accordance with this Memorandum and Order, then this matter will proceed to service of process only on Plaintiff's Fourth Amendment excessive force claim against Walkewizc in his individual capacity, and all other remaining claims will be dismissed. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files an amended complaint.

IT IS THEREFORE ORDERED that:

1. The following claims will be dismissed or proceed further as follows:

    a. Plaintiff's claims against the Sarpy County Police and Walkewizc in his official capacity are dismissed without prejudice. The Clerk of the Court is directed to terminate Sarpy County Police as a defendant in this action.

    b. For purposes of initial review, Plaintiff has stated a plausible Fourth Amendment excessive force claim against Defendant Walkewizc in his individual capacity based on the April 29, 2021, events described in the Complaint.

    c. Plaintiff is given leave to file an amended complaint that states plausible Fourth Amendment and First Amendment claims against Walkewizc in his individual capacity based on the June 22, 2022, traffic stop.

2. Plaintiff shall have until **January 13, 2025**, to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in this matter proceeding to service of process against Defendant Walkewizc only as set forth herein and dismissal of all other remaining claims. If Plaintiff decides to file an amended complaint, Plaintiff must include all of the claims he wishes to, and has been given leave to, pursue against Defendant Walkewizc in the amended complaint. Plaintiff should be mindful to specify that Defendant Walkewizc is sued in his individual capacity and to explain what Defendant did to him, when Defendant did it, and how Defendant's actions harmed him.

4. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. **Plaintiff is warned that an amended complaint will supersede, not supplement, his Complaint.**

5. The Clerk of Court is directed to set a pro se case management deadline using the following text: **January 13, 2025**: check for amended complaint.

6. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 13th day of December, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge