IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARKUS CLEVELAND, | |
| Plaintiff, | 8:23CV164 |
| vs. | |
| OFFICER WALKEWIZC, Police Officer; | MEMORANDUM AND ORDER |
| Defendants. | |

On December 13, 2024, after initial review of Plaintiff's Complaint, Filing No. 1, the Court determined that Plaintiff had stated a plausible Fourth Amendment excessive force claim against Defendant Officer Walkewizc in his individual capacity. Filing No. 17 at 11. Before allowing this claim to proceed to service of process, the Court gave Plaintiff leave to file an amended complaint within 30 days regarding other Fourth Amendment and First Amendment claims against Walkewizc in his individual capacity. Id. The Court advised Plaintiff that "[f]ailure to file an amended complaint within the time specified by the Court will result in this matter proceeding to service of process against Defendant Walkewizc only as set forth herein and dismissal of all other remaining claims." Id.

To date, Plaintiff has not amended his Complaint or taken any other action in this matter. Accordingly, this matter will proceed to service of process against Defendant Walkewizc on the Fourth Amendment excessive force claim identified in the Court's initial review order, and the Court will dismiss all other remaining claims.

IT IS THEREFORE ORDERED that:

1. This matter will proceed to service of process on Plaintiff's Fourth Amendment excessive force claim against Defendant Walkewizc in his individual capacity based on the April 29, 2021, events described in the Complaint and in accordance with the Court's December 13, 2024, Memorandum and Order, Filing No. 17.

2. All other remaining claims in Plaintiff's Complaint are dismissed without prejudice.

3. For service of process on Defendant Walkewizc in his individual capacity, the Clerk of Court is directed to complete a summons form and a USM-285 form for Defendant using the address "Bellevue Police Department, 1510 Wall Street, Bellevue, Nebraska 68005"[1] and forward them together with a copy of the Complaint, Filing No. 1, a copy of the Court's December 13, 2025, Memorandum and Order, Filing No. 17, and a copy of this Memorandum and Order to the United States Marshals Service. The Marshals Service shall serve Defendant Walkewizc at Bellevue Police Department, 1510 Wall Street, Bellevue, Nebraska 68005 by certified mail or by using any of the other following authorized methods: personal, residence, or designated delivery service. See Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.

4. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[2]

---

[1] From the Court's research, it appears Defendant Walkewizc no longer works for Sarpy County as alleged in the Complaint but is now employed by the Bellevue Police Department.

[2] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and

5.	Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint.  However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

6.	Plaintiff is hereby notified that failure to obtain service of process on Defendant within 90 days of the date of this order may result in dismissal of this matter without further notice.  A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

7.	The Clerk of Court is directed to set a case management deadline in this case with the following text: **May 7, 2025**: service of process to be completed.

8.	The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court.  Plaintiff shall keep the Court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

9.	Because this non-prisoner case is proceeding to service of process, and at the direction of the Court, this case is removed from the pro se docket.  The Clerk's office shall randomly assign new judges to this case and request a reassignment order from the Chief Judge.

Dated this 6th day of February, 2025.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge

---

perform all duties in such cases." See *Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).