IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARKUS CLEVELAND,

           Plaintiff,

vs.

OFFICER WALKEWIZC, Police Officer;

           Defendant.

8:23CV164

ORDER

This matter is before the court upon review of the docket, and a review of Plaintiff's Motion for Hearing. (Filing No. 22).

I.     Service of Process

On initial review, Senior United States District Judge Joseph F. Bataillon directed the United States Marshals Service ("USMS") to serve Officer Walkewizc at the Bellevue Police Department, 1510 Wall Street, Bellevue, Nebraska, 68005. The order further directed the USMS to serve Defendant by certified mail or by using any of the other authorized methods: personal, residence, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01. (Filing No. 18). The summons form addressed to Officer Walkewicz[1] has been returned and docketed as an executed summons. (Filing No. 21).

    Fed. R. Civ. P. 4(e) provides:

    (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

---

[1] The Complaint names Officer Walkewizc as defendant, but the mailing to the police department was addressed to Office Walkewicz. The undersigned will use the spelling used in the Complaint and in the presiding judge's prior orders. (Filing No. 17; Filing No. 18).

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Under the Nebraska service statutes, "An individual party, other than a person under the age of fourteen years, may be served by personal, residence, certified mail, or designated delivery service." Neb. Rev. Stat. Ann. § 25-508.01. In Nebraska, service by designated delivery service:

> shall be made by (i) within ten days of issuance, sending the summons by a designated delivery service to the defendant, (ii) obtaining a signed delivery receipt showing to whom and where delivered and the date of delivery, and (iii) filing with the court proof of service with a copy of the signed delivery receipt attached. As used in this subdivision, a designated delivery service means a delivery service designated as such pursuant to 26 U.S.C. 7502(f) and a signed delivery receipt includes an electronic or facsimile receipt with an image of the recipient's signature.

Neb. Rev. Stat. Ann. § 25-505.01.

The designated delivery services referred to in 26 U.S.C. 7502(f) are those approved by the Secretary of the Internal Revenue Service. The current list of approved services can be found here: https://www.irs.gov/filing/private-delivery-services-pds.

Upon review of the docket, the document returned does not comply with the service requirements under Fed. R. Civ. P. 4 or the Nebraska statutes. Defendant was not served by personal or residential service. Rather, the summons was sent using FedEx Express Saver, which is not on the approved designated delivery list.

Additionally, although the mailing was sent with a special handling request noting "Direct Signature Required" the document does not include an image of the recipient's signature. (Filing No. 21). Service by FedEx without the recipient's signature is not

sufficient under Nebraska law. Moreover, without a signature, it is impossible to know whether the proper person received the packet of documents as ordered by Judge Bataillon. (Filing No. 18). The requirement for the officers of the court, including the USMS, to "issue and serve all process, and perform all duties" in IFP cases are mandatory. See 28 U.S.C. § 1915(d). The USMS attempted to serve Defendant, but its efforts were deficient, so it will be directed to serve Defendant in compliance with federal and Nebraska law.

II.     Motion for Hearing

Plaintiff has filed a document titled "Motion for Hearing" stating simply "Id like to proceed in the hearing against Defendant." (Filing No. 22). As discussed above, Defendant has not yet been appropriately served with the complaint and orders in this action. There can be no hearing or case progression until that is accomplished. Accordingly, Plaintiff's motion for hearing will be denied.

IT IS ORDERED:

1. The United States Marshal Service is ordered to re-serve Defendant as directed in Filing No. 18, and in accordance with this order:

    a. For service of process on Defendant Walkewizc in his individual capacity, the Clerk of Court is directed to complete a summons form and a USM-285 form for Defendant using the address "Bellevue Police Department, 1510 Wall Street, Bellevue, Nebraska 68005" and forward them together with a copy of the Complaint, (Filing No. 1), a copy of the Court's December 13, 2025, Memorandum and Order (Filing No. 17), a copy of the Court's February 6, 2025 Memorandum and Order (Filing No. 18), and a copy of this order to the United States Marshals Service.  The Marshals Service shall serve Defendant Walkewizc by certified mail or by using any of the other following authorized methods: personal, residence, or designated delivery service. See Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01; Neb. Rev. Stat. § 25-505.01

    b. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint.  However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

     c. The Clerk of the Court is directed to set a case management deadline in this case with the following text: July 22, 2025: service of process to be completed.

2. Plaintiff's Motion for Hearing is denied. ([Filing No. 22](#)).

Dated this 23rd day of April, 2025.

                                                                          BY THE COURT:

                                                                         s/ Ryan C. Carson
                                                                         United States Magistrate Judge